[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-10903
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 11, 2010
JOHN LEY
CLERK

D.C. Docket No. 2:07-cr-14035-DLG-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LENWOOD DAVIES,
a.k.a. Lenwood Davis,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 11, 2010)

Before EDMONDSON, HULL and MARTIN, Circuit Judges.

PER CURIAM:

After pleading guilty, Lenwood Davies appeals his 180-month total

sentence for conspiracy to possess and possession with intent to distribute 50 or more grams of crack cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). On appeal, Davies challenges the district court's application of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), and its corresponding guidelines enhancements pursuant to U.S.S.G. § 4B1.4. After review, we affirm.

The ACCA imposes a mandatory minimum sentence of fifteen years if a defendant convicted under 18 U.S.C. § 922(g) has "three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another . . . ." 18 U.S.C. § 924(e)(1). A defendant who is sentenced under the ACCA is also an "armed career criminal" under the Sentencing Guidelines, which affects the defendant's offense level and criminal history category. U.S.S.G. §§ 4B1.4(a)-(c).[1]

---

[1]An armed career criminal's offense level is the greatest of (1) the otherwise applicable offense level; (2) the offense level under U.S.S.G. § 4B1.1 (the career offender provision), if applicable; (3) 34, if the defendant, among other things, used or possessed the firearm in connection with a qualifying offense; or (4) otherwise, 33. U.S.S.G. § 4B1.4(b). The armed career criminal's criminal history category is the greatest of (1) the otherwise applicable criminal history category or the criminal history category from § 4B1.1 (the career offender provision), if applicable; (2) VI, if the defendant, among other things, used or possessed the firearm in connection with a qualifying offense; or (3) IV. U.S.S.G. § 4B1.4(c).

Here, we find no reversible error in the district court's application of the ACCA and U.S.S.G. § 4B1.4.[2] The Presentence Investigation Report ("PSI") designated Davies an armed career criminal based on these four prior convictions: (1) a 1988 Florida conviction for carrying a concealed firearm; (2) two separate 1994 Florida convictions for sales of cocaine; and (3) a 1997 Georgia conviction for possession of cocaine with intent to distribute.

In response, Davies's sentencing memorandum admitted he qualified as an armed career criminal. Davies acknowledged that under Eleventh Circuit precedent at the time carrying a concealed firearm was a "violent felony" for purposes of the ACCA, but "respectfully disagree[d]" with that precedent. Davies also admitted that his two 1994 drug convictions were separate offenses, stating that they were charged in different counts in the same case and involved "the sale of $130.00 worth of cocaine on April 27, 1994" and "the sale of $125.00 worth of cocaine on April 29, 1994." Davies attached, inter alia, a copy of the information charging the cocaine sales on April 27, 1994 and April 29, 1994. Davies did not address the 1997 cocaine possession conviction also listed in the PSI as an ACCA-qualifying conviction.

---

[2]Davies's plea agreement contained an appeal waiver in which Davies waived his right to appeal his sentence except in certain circumstances. The government concedes Davies's appeal falls within one of the exceptions to the sentence-appeal waiver.

3

On appeal, Davies cites United States v. Canty, 570 F.3d 1251 (11th Cir. 2009), which concluded that a Florida conviction for carrying a concealed firearm is not a violent felony within the meaning of the ACCA. 570 F.3d at 1255. We agree, based on Canty, that Davies's 1988 Florida conviction for carrying a concealed firearm cannot be used to support his ACCA sentencing enhancements. This is not reversible error, however, because Davies has three other ACCA-qualifying convictions, namely the two 1994 cocaine sale convictions and the 1997 cocaine possession conviction.[3]

For the first time on appeal, Davies argues that his two 1994 cocaine sale convictions were not offenses committed on different occasions. This argument is foreclosed as invited error because at sentencing Davies affirmatively stated that they were two separate offenses, one committed on April 27, 1994 and the other committed on April 29, 1994. See United States v. Baker, 432 F.3d 1189, 1216 (11th Cir. 2005) ("It is a cardinal rule of appellate review that a party may not challenge as error a ruling or other trial proceeding" if such error was invited by

---

[3]We ordinarily review de novo whether a prior conviction qualifies as a violent felony or a serious drug offense under the ACCA, United States v. James, 430 F.3d 1150, 1153 (11th Cir. 2005), and whether two offenses are separate for purposes of the ACCA, United States v. Sneed, 600 F.3d 1326, 1330 n.5 (11th Cir. 2010). Because Davies argued in the district court that his 1988 concealed weapon conviction was not properly considered a "violent felony" for ACCA purposes, he preserved his Canty claim for appellate review. However, Davies's remaining arguments attacking his other prior convictions were not raised in the district court and, thus, are reviewed only for plain error. See United States v. Neely, 979 F.2d 1522, 1523 (11th Cir. 1992).

the party (alterations and quotation marks omitted)).

In any event, the information charging Davies with cocaine sales on two different dates supports a finding that the two offenses were temporally distinct and thus separate for purposes of the ACCA. See United States v. Sneed, 600 F.3d 1326, 1333-32 (11th Cir. 2010) (explaining that a district court may look to sources approved by Shepard v. United States, 544 U.S. 13, 125 S. Ct. 1254 (2005), such as a charging document, to determine whether offenses were committed on different occasions for purposes of the ACCA). The fact that Davies's two offenses were consolidated for sentencing does not mean they were a single conviction under the ACCA. See United States v. Owens, 15 F.3d 995, 998 (11th Cir. 1994) (concluding that three convictions supported ACCA enhancement because they occurred on different dates, "although they were all resolved in one proceeding").

Finally, we reject Davies's claim, also raised for the first time on appeal, that the third ACCA-qualifying conviction—the 1997 cocaine possession conviction—cannot be considered because it was not charged as an element in his federal indictment. Under binding precedent, a prior conviction need not be alleged in an indictment to support the application of a sentencing enhancement. Almendarez-Torres v. United States, 523 U.S. 224, 243-44, 118 S. Ct. 1219, 1230-

31 (1998); United States v. Greer, 440 F.3d 1267, 1273 (11th Cir. 2006) (explaining that we are bound by Almendarez-Torres unless and until it is overruled by the Supreme Court). By failing to object to the 1997 cocaine possession conviction listed in the PSI, Davies is deemed to have admitted it. See United States v. Bennett, 472 F.3d 825, 832 (11th Cir. 2006) (concluding that a district court's findings supporting an ACCA enhancement may be based on factual statements in the PSI not disputed by the defendant). Furthermore, Davies does not contend that his 1997 cocaine possession conviction is not a serious drug offense within the meaning of the ACCA.

Given that the two 1994 cocaine sale convictions and the 1997 cocaine possession conviction are sufficient to support application of the ACCA sentencing enhancements in 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4, we find no reversible error and affirm Davies's 180-month sentence.

**AFFIRMED.**