[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13384
Non-Argument Calendar
_____

D.C. Docket No. 8:11-cr-00628-SDM-AEP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KELVIN DANFORD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 16, 2013)

Before CARNES, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Kelvin Danford appeals the application of the sentencing enhancement contained in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), in his case. At the time of his arrest, Danford had four prior felony convictions for selling crack cocaine on four different dates in Alabama, but all four convictions resulted from one case, which was concluded in one sentencing proceeding. On appeal, Danford argues that his prior convictions did not qualify as the three prior convictions required under the ACCA because they were adjudicated in one case. After thorough review, we affirm.

We review de novo whether crimes were committed on "occasions different from one another," within the meaning of the ACCA. United States v. Canty, 570 F.3d 1251, 1254-55 (11th Cir. 2009) (quotation omitted). Under the prior precedent rule, a prior panel's holding is binding on all subsequent panels of this Court unless the holding is overruled or undermined to the point of abrogation by the Supreme Court or by this Court sitting en banc. United States v. Sneed, 600 F.3d 1326, 1332 (11th Cir. 2010).

Pursuant to 18 U.S.C. § 924(e)(1), a person who violates § 922(g) and who "has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another" is subject to a 15-year mandatory minimum sentence. 18 U.S.C § 924(e)(1). To satisfy this requirement, the three prior convictions must be "for crimes that are temporally distinct," which

2

requires that the government demonstrate that the previous convictions arose out of separate and distinct criminal episodes.  Sneed, 600 F.3d at 1329-30 (quotation and emphasis omitted).  Even where the gaps are small, distinctions in time and place are typically sufficient to separate criminal episodes from one another, such that two offenses are distinct so long as "some temporal break" occurs between them.  Id. at 1330 (quotation omitted).

Here, the district court did not err by concluding that Danford was subject to the § 924(e)(1) enhancement due to his prior felony convictions.  Although he was convicted and sentenced at the same time for each of his crimes, Danford's prior convictions for the sale of cocaine arose out of separate and distinct criminal episodes, as they each involved the sale of cocaine on a different day.  See Sneed, 600 F.3d at 1329-30.  The intervening days between each criminal episode constituted "temporal breaks," sufficient to separate them from each other.  See id. at 1330.  Danford concedes that our binding caselaw required the district court's conclusion, but urges us to adopt a different holding in this case.  Nevertheless, we are bound by the holding in Sneed until the holding is overruled or undermined to the point of abrogation by the Supreme Court or by this Court sitting en banc.  Id. at 1332.

**AFFIRMED.**

3