[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-14981
Non-Argument Calendar

_____

D.C. Docket No. 9:11-cr-80207-KLR-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JASON ROLLINS,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 25, 2013)

Before TJOFLAT, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Jason Rollins appeals his 180-month sentence, imposed after he pled guilty

to possession with intent to distribute cocaine base and possession of a firearm by a

convicted felon.  On appeal, Rollins argues that: (1) the district court erred in sentencing him pursuant to the Armed Career Criminal Act ("ACCA"); and (2) his sentence was unconstitutional and substantively unreasonable.  For the reasons set forth below, we affirm Rollin's sentence.

I.

Rollins was charged by information with possession with intent to distribute more than 28 grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) (Count One), and possession of a firearm by a convicted felon in violation 18 U.S.C. § 922(g) (Count Two).  Rollins pled guilty to both counts of the information.

The presentence investigation report ("PSI") found that, under U.S.S.G. § 4B1.1(a), Rollins qualified as a career offender because he was at least 18 years old at the time of the instant offense, the instant offense was a felony drug offense, and Rollins had at least 2 prior felony convictions for crimes of violence.  Because the maximum statutory sentence for Rollins's drug offense was 40 years' imprisonment, his career offender status enhanced his offense level to 34 under U.S.S.G. § 4B1.1(b).  As to his predicate crimes of violence, Rollins had prior convictions for: (1) fleeing and attempting to elude in case no. 2002-CF-13651; (2)  robbery by sudden snatching in case no. 2003-CF-9444; and (3) robbery by sudden snatching in case no. 2003-CF-9445.  Additionally, these same predicate

offenses qualified Rollins for an enhancement as an armed career criminal under § 4B1.4(a). Rollins's armed career criminal status also resulted in an offense level of 34.

The PSI then described Rollins's predicate offenses for his classifications as a career offender and an armed career criminal as follows. On January 14, 2003, Rollins was convicted for fleeing and attempting to elude police. Further, on January 27, 2004, Rollins pled guilty to robbery by sudden snatching in Florida in two separate cases involving robberies that occurred on the same day. Specifically, as to the first robbery, the PSI stated that the victim reported that two black males approached her parked vehicle, reached inside the car and took two purses off her lap. A witness reported seeing a green Toyota Camry leaving the scene. Officers conducted a show up and the victim positively identified Rollins the person who took the purses. As to the second robbery, the victim reported that she was putting groceries in her vehicle when a young black male pulled up next to her and pulled her purse off her shoulder. The victim reported the suspect left in a green Toyota Camry. Officers later conducted a traffic stop on a vehicle matching this description. The defendant was a passenger in the vehicle and a search revealed that Rollins was in possession of the victim's license, credit cards, and car key.

Rollins received 12 criminal history points, which resulted in a criminal history category of V but, because he qualified as a career offender, his criminal history category was VI. Based on his total offense level of 31 and criminal history category of VI, the PSI calculated a guideline range of 188 to 235 months' imprisonment. Further, as to Count Two, Rollins faced a mandatory minimum sentence of 15 years' imprisonment and a maximum sentence of life imprisonment.

In an addendum to the PSI, Rollins objected to his classification as a career offender, arguing that his prior offenses for robbery by sudden snatching were not crimes of violence. He recognized that his argument was precluded by current case law, but he raised the objection to preserve his argument for review. Additionally, Rollins argued that, considering the sentencing factors in 18 U.S.C. § 3553(a), a sentence of no more than 100 months' imprisonment was reasonable and appropriate for his offenses. Finally, in a second addendum to the PSI, Rollins objected to his designation as an armed career criminal, arguing that his two predicate offenses for robbery by sudden snatching were part of a single criminal episode.

At the sentencing hearing, the court first addressed whether Rollins's two robbery convictions qualified as separate offenses, such that he qualified for the ACCA enhancement. The court stated that it had reviewed the PSI and that, although the robberies may have occurred "close in time," they occurred at two

4

different locations and were two separate offenses. In response, through counsel, Rollins indicated that the robberies occurred at the same location within minutes of each other. The court responded, stating

> They may have been, but I don't think [Rollins] understands the purpose behind the [G]uidelines. It wasn't all one incident, there were two separate incidents. They may have been close in time. Apparently both victims said they saw him drive away. So he had to drive away and then had to do another one and drive away again.

Thus, the court overruled Rollins's objection to the ACCA enhancement.

In response, Rollins reiterated his position that the two robberies occurred at the same location. Specifically, he asserted that the robberies occurred at the same location and that he committed the second robbery while he was fleeing or eluding the first robbery. The court responded that, even under Rollins's version of events, the two offenses were not a single occurrence. Finally, Rollins presented witness testimony in support of his motion for a "variance or downward departure," and he made a personal statement to the court, expressing remorse for his actions.

After hearing the parties' arguments, the court indicated that it would sentence Rollins to the minimum sentence that it could impose, which was 15 years' imprisonment. In response, Rollins objected that a 15-year sentence was unconstitutional and disproportionate to his offenses. The court responded that it was required to impose the mandatory minimum sentence.

5

In sum, the court stated that, in sentencing Rollins, it had considered the statements of all parties, the PSI, the advisory Guidelines, and the statutory factors. The court imposed a 180-month sentence as to each count, to be served concurrently.

## II.

We review *de novo* whether crimes were committed on different occasions within the meaning of the ACCA. *United States v. Canty*, 570 F.3d 1251, 1254-55 (11th Cir. 2009). Further, "a failure to object to allegations of fact in a PSI admits those facts for sentencing purposes." *United States v. Wade*, 458 F.3d 1273, 1277 (11th Cir. 2006).

Under the ACCA, an individual convicted under § 922(g) is subject to a mandatory minimum 15-year sentence if he has 3 previous federal or state convictions "for a violent felony or a serious drug offense, or both, *committed on occasions different from one another*." 18 U.S.C. § 924(e)(1) (emphasis added). The government bears the burden of proving that the previous convictions "arose out of a separate and distinct criminal episode." *United States v. Sneed*, 600 F.3d 1326, 1329-30 (11th Cir. 2010) (citation and quotation omitted).

We have held that, under § 924(e)'s different-occasions inquiry, a sentencing court must determine whether "the perpetrator had a meaningful opportunity to desist his activity before committing the second offense." *United*

6

*States v. Pope*, 132 F.3d 684, 690 (11th Cir. 1998).  In making this determination, "[a] showing that the crimes reflect distinct aggressions, especially if the defendant committed the crimes in different places, is particularly probative."  *Id.* at 692. Although the predicate offenses must be distinct, even a small difference in time or place distinguishes convictions for purposes of the ACCA.  *See Sneed*, 600 F.3d at 1330; *accord  Pope*, 132 F.3d at 690 ("Mere temporal proximity is ordinarily insufficient to merge multiple offenses into a single criminal episode.").  "[T]he 'successful' completion of one crime plus a subsequent conscious decision to commit another crime makes that second crime distinct from the first for the purposes of the ACCA."  *Pope*, 132 F.3d at 692.  "[S]o long as predicate crimes are successive rather than simultaneous, they constitute separate criminal episodes for purposes of the ACCA."  *Id.*

As an initial matter, it is unclear whether Rollins challenges, on appeal, his status as a career offender under § 4B1.1.  In his brief, he concedes that his argument, that his prior robbery convictions do not qualify as crimes of violence, is precluded by binding precedent, but he indicates only that he would like to preserve the issue for further review.  However, he fails to provide any supporting arguments for his challenge and, regardless, he concedes that such arguments would be foreclosed by binding precedent.  Indeed, as noted by Rollins, we recently held in *United States v. Welch*, 683 F.3d 1304, 1313-14 (11th Cir. 2012),

*cert. denied* 133 S. Ct. 913 (2013) that Florida's offense of robbery by sudden snatching qualifies as a violent felony under the ACCA.  Although *Welch* was decided in the ACCA context, we have recognized that the definitions of "crime of violence" under the Sentencing Guidelines (career offender) and "violent felony" under the ACCA are "virtually identical."  *See United States v. Alexander*, 609 F.3d 1250, 1253 (11th Cir. 2010).  Thus, to the extent that Rollins challenges his career offender status, his argument is meritless.

Further, as to his classification as an armed career criminal, Rollins fails to develop any legal or factual arguments in support of his claim that the district court erred in determining that his two robbery offenses did not constitute a single criminal episode.  Instead, he briefly references the arguments and case law that he presented to the district court.  However, he does not provide any further discussion of the facts or circumstances surrounding his robbery offenses or provide any explanation for why the district court's findings were erroneous.  Thus, he may have abandoned his ACCA challenge.  *See United States v. Woods*, 684 F.3d 1045, 1064 n.23 (11th Cir. 2012) (deeming an issue abandoned where the appellant failed to develop any argument on the issue in his opening brief).

Regardless, the undisputed facts in the PSI establish that Rollins's two convictions for robbery by sudden snatching constituted two separate offenses under the ACCA.  In the district court, Rollins argued that the robberies occurred

at the same location within minutes of each other and that he committed the second robbery while fleeing the scene of the first robbery. Even if these allegations are true, mere temporal proximity is generally insufficient to merge multiple offenses into a single criminal episode. *See Sneed*, 600 F.3d at 1330; *Pope*, 132 F.3d at 690. Here, Rollins committed two separate and distinct robberies against two different victims. After Rollins committed the first robbery against the first victim and drove away, he had successfully completed one crime and, thus, he necessarily made the conscious decision to commit the second robbery. *See Pope*, 132 F.3d at 692. Because the two robberies were committed successively, rather than simultaneously, they could be considered distinct for purposes of the ACCA. *See id.* Accordingly, the district court properly sentenced Rollins as an armed career criminal.

## III.

Ordinarily, we review the reasonableness of a sentence under a deferential abuse-of-discretion standard of review. *See Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591, 169 L.Ed.2d 445 (2007). We review challenges to the constitutionality of a sentence *de novo*. *United States v. Sanchez*, 586 F.3d 918, 932 (11th Cir. 2009). However, district courts are not normally empowered to use the § 3553(a) factors to impose a sentence below an applicable statutory mandatory minimum sentence. *United States v. Castaing-Sosa*, 530 F.3d 1358, 1361-62 (11th

Cir. 2008); *see also United States v. Simpson*, 228 F.3d 1294, 1304-05 (11th Cir. 2000) (holding that district courts may depart downward from statutory mandatory minimums in only two circumstances, upon a substantial assistance motion by the government or because of the safety-valve exception).

In non-capital cases, the Eighth Amendment contains only "a narrow proportionality principle." *United States v. Moriarty*, 429 F.3d at 1012, 1024 (11th Cir. 2005). "The Supreme Court has made it clear that outside the context of capital punishment, successful challenges to the proportionality of sentences are exceedingly rare." *Id.* (quotation, emphasis and alteration omitted). In considering an Eighth Amendment challenge, we must make a threshold determination as to whether the sentence is grossly disproportionate to the offense committed. *Id.* "In general, a sentence within the limits imposed by statute is neither excessive nor cruel and unusual under the Eighth Amendment." *Id.* (quotation omitted). Finally, we have held that the ACCA's 15-year mandatory minimum sentence is not cruel and unusual punishment or disproportionate to the offense of being a felon in possession of a firearm. *See United States v. Reynolds*, 215 F.3d 1210, 1214 (11th Cir. 2000) (holding that defendant's sentence of 180 months' imprisonment under the ACCA was not grossly disproportionate to his sole offense of possession of a firearm by a three-time felony offender).

Rollins's argument that his sentence is unreasonable is misplaced. Here, the district court sentenced Rollins to the 15-year statutory minimum, and it lacked the discretion to use the § 3553(a) factors to vary downward from this minimum. *See Castaing-Sosa*, 530 F.3d at 1361-62. Further, Rollins's constitutional challenge to his sentence is also without merit because the ACCA's mandatory minimum 15-year sentence is not grossly disproportionate to his offense of being a three-time felony offender in possession of a firearm. *See Reynolds*, 215 F.3d at 1214. Further, Rollins does not assert that an exception to the mandatory minimum applies here. *See Simpson*, 228 F.3d at 1304-05. Rollins's 180-month sentence was imposed below the applicable guideline range and well below the statutory maximum sentence of life imprisonment and, thus, his sentence was not excessive or cruel and unusual under the Eighth Amendment. *See Moriarty*, 429 F.3d at 1024.

For the foregoing reasons, we affirm Rollins's sentence.

**AFFIRMED.**

11