[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11595
Non-Argument Calendar
_____

D.C. Docket No. 8:11-cr-00629-EAK-MAP-6

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HENRY A. MORANT,
a.k.a. Buddy,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 21, 2015)

Before WILLIAM PRYOR, JORDAN and JILL PRYOR, Circuit Judges.

PER CURIAM:

Henry Morant appeals his sentence to his minimum statutory sentence of 120 months of imprisonment, imposed after he pleaded guilty to conspiring to possess with intent to distribute five kilograms or more of cocaine, 21 U.S.C. § 841(a)(1), (b)(1)(A)(ii), and conspiring to possess with intent to distribute marijuana, *id.* § 841(a)(1), (b)(1)(C). Morant argues that the government breached its plea agreement by failing to move for a downward departure based on his substantial assistance, *see* United States Sentencing Guidelines Manual § 5K1.1 (Nov. 2012), and that the district court should have struck the provision in which Morant waived his right to appeal the determination regarding his substantial assistance. Morant also challenges the denial of his motion to declare unconstitutional section 5K1.1 and section 3553(e) of Title 18. We affirm.

We review *de novo* whether the United States breached the plea agreement. *United States v. Forney*, 9 F.3d 1492, 1498 (11th Cir. 1993). "We review a district court's conclusions as to the constitutionality of a challenged statute *de novo*." *United States v. Eckhardt*, 466 F.3d 938, 943 (11th Cir. 2006).

The government did not breach its agreement with Morant. The plea agreement provided that, "[i]f [Morant's] cooperation is completed prior to sentencing, the government agrees to *consider* whether such cooperation qualifies as 'substantial assistance' in accordance with the policy of the United States Attorney for the Middle District of Florida." (Emphasis added.) Later, during his

change of plea hearing, Morant twice stated that he understood that the plea agreement did not obligate the government to move for a reduction of sentence. That determination is shielded from judicial review unless Morant produces substantial evidence that the government "refused to file a substantial assistance motion because of a constitutionally impermissible motivation, such as race or religion." *Forney*, 9 F.3d at 1502. The government complied with its agreement to consider Morant's cooperation and refused to file a motion because Morant was arrested for kidnapping and was in possession of a firearm while on pretrial release and while completing a pretrial diversionary program for another kidnapping offense. Because Morant failed to provide any evidence that the government acted with an unconstitutional motive, its discretionary determination is insulated from judicial scrutiny. *See United States v. Nealy*, 232 F.3d 825, 831 (11th Cir. 2000). Morant argues that the district court should have struck the appeal waiver, but we need not decide that issue because the waiver did not bar us from reviewing whether the government breached its plea agreement.

The district court did not err when it denied Morant's motion to declare unconstitutional sections 5K1.1 and 3553(e). Morant argues that these provisions usurp the power of the judiciary and violate his right to due process, but we rejected those identical arguments in *United States v. Jones*, 933 F.2d 1541, 1548 (11th Cir. 1991), and *United States v. Hernandez*, 921 F.2d 1569, 1584 (11th Cir.

3

1991). Morant challenges those decisions, but "a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting *en banc*," *United States v. Sneed*, 600 F.3d 1326, 1332 (11th Cir. 2010). Morant also argues that sections 5K1.1 and 3553(e) "violate[] the Constitutional right to access to the courts" and deny him a remedy, but Morant was able to move to enforce any promise that was "part of the inducement or consideration" for the plea agreement, *Santobello v. New York*, 404 U.S. 257, 262, 92 S. Ct. 495, 499 (1971). Ultimately, Morant was not entitled to relief because he failed to prove that the government breached its agreement. *See Nealy*, 232 F.3d at 831. In any event, the district court decided it was "appropriate in this situation" to vary downward from Morant's advisory guideline sentence of 188 to 235 months "under 18 USC 3553(a), 1 through 7," and sentenced him "to the minimum mandatory . . . [of] 120 months" of imprisonment.

We **AFFIRM** Morant's sentence.