[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-15616
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cr-00431-TWT-RGV-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JUAN PEREZ-MALDONADO,
a.k.a. Juan Perez,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(September 18, 2017)

Before TJOFLAT, MARCUS, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Juan Perez-Maldonado appeals his 57-month sentence for illegal reentry after deportation. On appeal, Perez-Maldonado argues that the district court erroneously determined that his prior conviction for Georgia robbery qualified as a crime of violence under U.S.S.G. § 2L1.2, causing a 16-level increase in his total offense level. He also argues that the district court erroneously determined that his Georgia robbery conviction qualified as an aggravated felony, subjecting him to a 20-year statutory maximum sentence, rather than a 10-year maximum.[1] We affirm the sentence of the district court because, on this record, even assuming error, any error was harmless.

Perez-Maldonado argues that the district court should not have applied the 16-level enhancement under U.S.S.G. § 2L1.2 for unlawfully returning to or remaining in the United States after a conviction for a crime of violence because his 2005 Georgia robbery conviction does not categorically fit the definition of generic robbery. Without that enhancement, the guideline range would have been 15 to 21 months rather than the 57-to-71 month range the court applied. He similarly asserts that Georgia robbery does not qualify as an aggravated felony under 18 U.S.C. § 16(a), so his statutory maximum should have been ten years, not twenty.

---

[1] Perez-Maldonado also raised several issues for the first time in his reply brief, including violations of the *Ex Post Facto* clause, the due-process clause, and the Fifth Amendment. Because Perez-Maldonado did not brief these issues in his initial brief, he has waived any argument pertaining to them. *See United States v. Levy*, 379 F.3d 1241, 1244 (11th Cir. 2004).

We need not determine whether Perez-Maldonado's Georgia robbery conviction is a crime of violence or an aggravated felony because resolving that issue would not affect the outcome of the case. *United States v. Keene*, 470 F.3d 1347, 1349 (11th Cir. 2006).[2] Rule 52(a), Fed. R. Crim. P., deems harmless any error that does not affect substantial rights and requires that it be disregarded. Constitutional errors are harmless when the government can show, beyond a reasonable doubt, that the error did not contribute to the defendant's ultimate sentence. *United States v. Mathenia*, 409 F.3d 1289, 1291 (11th Cir. 2005). Here, that is the case.

The district court specifically noted that "if [it had] made any mistake in calculating the guideline calculations, in considering those sentencing factors set forth in Title 18, U.S. Code, Section 3553(a), [it] would still impose a sentence of 57 months." Where the district court states that based on considerations under 18 U.S.C. § 3553, it would have imposed the same sentence regardless of any guideline-calculation error, the error is harmless if the sentence would be

---

[2] Perez-Maldonado suggests that *Molina-Martinez v. United States*, 136 S. Ct. 1338 (2016), abrogated *Keene*. We disagree. In *Molina-Martinez*, the Supreme Court held that when a defendant is sentenced under an incorrect guidelines range, the error will often be sufficient to show a reasonable probability of a different outcome absent the error. *Id.* at 1345. But the Court expressly noted that instances when a reasonable probability of prejudice does not exist can occur, such as where the record shows "the district court thought the sentence it chose was appropriate irrespective of the Guidelines range." *Id.* at 1346. *Molina-Martinez* certainly does not undermine or overrule *Keane* to the point of abrogation, if it even undermines it at all. Therefore, *Keane* remains good law in this Circuit, so it continues to bind us. *United States v. Sneed*, 600 F.3d 1326, 1332 (11th Cir. 2010).

reasonable even if the district court's guideline calculation was erroneous. *Keene*, 470 F.3d at 1349. The record here demonstrates that the error is harmless.

First, we consider the district court's statement that it would have imposed the same sentence, regardless of whether its guidelines calculation turned out to be correct. Though the district court was not permitted to look at the underlying facts of Perez-Maldonado's prior convictions for the purposes of the Sentencing Guidelines, it could do so in considering the history and characteristics of the defendant under § 3553(a) and imposing an upward variance. *United States v. Overstreet*, 713 F.3d 627, 638 n.14 (11th Cir. 2013). Perez-Maldonado does not argue that the government failed to prove the underlying facts of the robbery conviction, so he has waived any argument that the court could not consider them under § 3553(a).

And the sentencing transcript reflects that regardless of whether Perez-Maldonado's conviction for Georgia robbery qualifies as a matter of law as a "crime of violence," the district court, as a matter of fact, found the circumstances of that crime to be both violent and relevant to its sentencing determination. Indeed, the district court opined, "[W]e all know it was a violent crime. It was a home invasion for God's sakes. The victims were threatened with being killed and were tied up and robbed." The court also noted that the crime would likely have escalated if a nearby juvenile had not called 911. It further found the imposed

4

sentence "appropriately [took] into consideration . . . particularly [Perez-Maldonado's] prior conviction for a violent robbery and most recent conviction for trafficking in methamphetamine," resulting in a "fair and appropriate" sentence under the § 3553(a) sentencing factors. These statements show that the district court stated its intention to impose the same sentence it imposed, even if Perez-Maldonado did not technically qualify for the crime-of-violence enhancement because it was troubled by the in-fact violent nature of Perez-Maldonado's Georgia robbery conviction.

Second, the district court's sentence was substantively reasonable. We review the reasonableness of a sentence under the deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007). A district court abuses its discretion under this standard only if it "1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015) (citation and quotation marks omitted). The party taking issue with the sentence bears the burden of demonstrating that the sentence "is unreasonable in light of the entire record, the § 3553(a) factors, and the substantial deference afforded sentencing courts." *Id.*

5

We cannot say that the district court here abused its discretion in imposing a 57-month sentence. The district court has discretion to weigh the § 3553 factors as it sees fit. *United States v. Johnson*, 803 F.3d 610, 620 (11th Cir. 2015). The court properly considered, among other factors, deterrence and the history and characteristics of the defendant. We will not "reweigh the factors." *Id.*

Perez-Maldonado's criminal history reflects that he was convicted of Georgia robbery in 2006 and that he served eight years of his ten-year sentence for that crime, bringing the year to 2013 or 2014, depending on when he began serving his time. Then Perez-Maldonado was deported. After he illegally reentered the country and while he was still under a criminal-justice sentence for the robbery conviction, he was arrested in 2014 and convicted in 2015 of possession of methamphetamine with intent to distribute. In addition to these convictions, Perez-Maldonado also has two prior convictions for driving under the influence. The district court permissibly could have concluded that a sentence of 57 months was necessary, in light of Perez-Maldonado's personal characteristics and criminal history and the need to deter further violations by Perez-Maldonado.

And even if Perez-Maldonado is correct that the statutory maximum term of imprisonment should have been ten years, his 57-month sentence falls well below that. We have previously explained that this is a consideration favoring a finding of reasonableness. *Rosales-Bruno*, 789 F.3d at 1256-57.

In addition, the fact that Perez-Maldonado's sentence is below the lower ten-year maximum means that our resolution of his argument that Georgia robbery is not an aggravated felony would make no difference to the outcome of this case. For that reason, any error is harmless and must be disregarded.  *See* Fed. R. Crim. P. 52(a); *Mathenia*, 409 F.3d at 1291.  We therefore affirm Perez-Maldonado's sentence.

**AFFIRMED.**