**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————————

No. 25-10685

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

CALEB ROBERT WIEN,

*Defendant-Appellant.*

————————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 2:23-cr-00109-SPC-NPM-1

————————————————

Before NEWSOM, BRANCH, and WILSON, Circuit Judges.

PER CURIAM:

Defendant-Appellant Caleb Wien appeals the district court's order of a total of $25,000 in restitution to three victims of child pornography, imposed as part of his sentence for possessing and

accessing with intent to view prepubescent child pornography. He first argues that he had a constitutional right under the Fifth and Sixth Amendments to have a jury make fact findings regarding the amount of restitution he owed. Second, he argues that the district court was required to disaggregate victims' total losses from the losses caused by their initial abusers when calculating restitution. After careful review, we affirm.

## I.

We review "the legality of a restitution order" de novo. *United States v. Kluge*, 147 F.4th 1291, 1296 (11th Cir. 2025).

Defendants convicted of sexual exploitation of children offenses are required to pay restitution. 18 U.S.C. § 2259(a), (b)(4)(A). For convictions of trafficking in child pornography, "[t]he court shall determine the full amount of the victim's losses that were incurred or are reasonably projected to be incurred by the victim as a result of the trafficking in child pornography depicting the victim," and then "order restitution in an amount that reflects the defendant's relative role in the causal process that underlies the victim's losses, but which is no less than $3,000." *Id.* § 2259(b)(2)(A)-(B). "A victim's total aggregate recovery . . . shall not exceed the full amount of the victim's demonstrated losses." *Id.* § 2259(b)(2)(C).

A proper restitution amount "comports with the defendant's relative role in the causal process that underlies the victim's general losses." *Paroline v. United States*, 572 U.S. 434, 458 (2014). The government must prove the amount by a preponderance of

the evidence, but a district court can accept a "reasonable estimate of the loss." *United States v. Rothenberg*, 923 F.3d 1309, 1337 (11th Cir. 2019) (quotation marks omitted)).

In *Apprendi v. New Jersey*, the Supreme Court held that, other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. 530 U.S. 466, 490 (2000). In *Alleyne v. United States*, the Supreme Court extended the rule in *Apprendi* by requiring that all facts that increase mandatory minimum sentences must be submitted to the jury as well. 570 U.S. 99, 117 (2013).

In *Dohrmann v. United States*, we held that *Apprendi* does not apply to restitution orders because the restitution statute does not have a prescribed statutory maximum. 442 F.3d 1279, 1281 (11th Cir. 2006). Then, in *Southern Union Co. v. United States*, the Supreme Court held that *Apprendi* applies to criminal fines. 567 U.S. 343, 353, 360 (2012). But in *Gatlin v. United States*, considering a challenge to a restitution order under § 3663A, we rejected an argument that *Southern Union* abrogated *Dohrmann* because we had not determined that restitution, like a criminal fine, is a criminal penalty and *Southern Union* did not discuss restitution, let alone hold that *Apprendi* should apply to restitution orders. 90 F.4th 1050, 1074 (11th Cir. 2024).

More recently, in *Kluge*, we rejected the appellant's argument that a restitution award under 18 U.S.C. § 2259 required a jury, rather than a judge, to make the essential findings required to

trigger the mandatory minimum of $3,000.  147 F.4th at 1301–02. We reiterated that our precedent, *Dohrmann* and *Gatlin*, foreclosed the arguments that *Apprendi* and *Alleyne* apply to restitution orders under § 2259.  *Id.*

Here, as Wien concedes, our binding precedent forecloses his argument that the district court violated his Fifth and Sixth Amendment rights by ordering him to pay a total of $25,000 in restitution to three identified victims without requiring findings by a jury, or a finding that Wien otherwise admitted to the facts supporting the restitution award when pleading guilty.[1]  Accordingly, we affirm as to this issue.

## II.

In *Rothenberg*, after careful review of *Paroline*, we determined that a district court is not required to "determine, calculate, or disaggregate" the victim's losses caused by the original creator or other distributors before determining the losses caused by the defendant.  923 F.3d at 1333.  It is sufficient for the district court to say that it has considered that a defendant is only a possessor and that the restitution award is based solely on that conduct.  *Id.* at 1334.

---

[1] Under the prior panel precedent rule, our prior decisions are binding until they are overruled by this court sitting en banc, by the Supreme Court, or if the Supreme Court has "undermined [the decision] to the point of abrogation." *United States v. Sneed*, 600 F.3d 1326, 1332 (11th Cir. 2010).

25-10685    Opinion of the Court    5

Here, as Wien concedes, our binding precedent forecloses his argument that the district court needed to disaggregate the victims' losses caused by the initial abuse from the losses he caused before awarding restitution. Because *Rothenberg* has not been overruled or abrogated, we are bound to apply it. Accordingly, we affirm as to this issue.

**AFFIRMED.**