[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-15401
Non-Argument Calendar

_____

D.C. Docket No. 1:11-cr-20877-MGC-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LAZARO GINEBRA-VERA,
a.k.a. Lazaro Ginebra,

Defendant - Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 2, 2013)

Before TJOFLAT, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Lazaro Ginebra-Vera appeals his sentence of 188-months imprisonment and 3 years of supervised release, arguing that the district court erred in enhancing his sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e).  He contends that the district court did not have enough evidence to conclude that two of his three prior convictions were from "separate and distinct criminal episodes." See United States v. Pope, 132 F.3d 684, 689 (11th Cir. 1998) (A defendant may only be subject to an ACCA enhancement "if each of the three previous convictions arose out of a separate and distinct 'criminal episode'").  Ginebra-Vera also claims that the district court erred in using his previous conviction for conspiracy to traffic cocaine as a predicate offense, because under Florida law, we may not assume that the purchase of a large amount of drugs "necessarily give[s] rise to . . . possession."  United States v. Shannon, 631 F.3d 1187, 1189 (11th Cir. 2011).  The government responds that Ginebra-Vera's two prior convictions were separate and distinct because they occurred on different dates and involved different victims, and that this Court has held that Ginebra-Vera's Florida drug crime is a predicate offense under § 924(e).

## I.

"[W]hether crimes were committed on occasions different from one another, within the meaning of the ACCA" is a question of law that we review de novo.  United States v. Canty, 570 F.3d 1251, 1254–55 (11th Cir. 2009) (quotation

2

marks omitted).  The government bears the burden of showing that "the three previous convictions arose out of a separate and distinct criminal episode."  United States v. Sneed, 600 F.3d 1326, 1329 (11th Cir. 2010) (quotation marks omitted).

"Two offenses are distinct if some temporal break occurs between them."  Id. at 1330 (quotation marks and alterations omitted).  Here, the government presented evidence that the crimes occurred on different dates.  The government gave the sentencing court the Judgment of Conviction and the Information for each of the two crimes at issue.  The Information for the first conviction—one count of robbery with a pistol, and one count of unlawful possession of a firearm while engaged in a criminal offense (Conviction One)—shows that the offense occurred on March 24, 1981.  The Information for the second conviction—one count of second degree attempted murder, one count of robbery, and one count of unlawful possession of a firearm while engaged in a felony offense (Conviction Two)— shows that the offense occurred on March 30, 1981.[1]  The Informations also showed that the two offenses involved at least two different victims.

The district judge properly relied on the Informations in determining that the crimes occurred on different dates, and thus were separate and distinct crimes.  See Shepard v. United States, 544 U.S. 13, 26, 125 S. Ct. 1254, 1263 (2005) (A

---

[1] It does not matter for the purposes of § 924(e) that Ginebra-Vera pled guilty to Convictions One and Two on the same day.  United States v. Wilks, 464 F.3d 1240, 1244 (11th Cir. 2006) ("[T]he language of § 924(e)(1) requires only that the prior felonies or offenses be 'committed on occasions different from one another,' not that the convictions be obtained on separate occasions.").

3

sentencing judge may consider "the terms of the charging document" in deciding whether a crime is a predicate offense under § 924(e).). The evidence in the Information for each offense was sufficient for the sentencing judge to determine that the predicate offenses at issue were "separate and distinct."

## II.

In his plea agreement, Ginebra-Vera pled guilty to § 924(e) and agreed that his Florida drug conviction was one of his three previous felonies. At the plea colloquy, Ginebra-Vera said he understood the terms of the plea agreement, including that "his three prior felony convictions . . . qualify as either violent felonies or serious drug offenses," qualifying him for ACCA status. Ginebra-Vera did not object to the treatment of the Florida drug conviction as a predicate offense either in his objections to the presentence report (PSI), or in his sentencing memorandum. At the sentencing hearing, Ginebra-Vera did not object to, or even mention, the treatment of the Florida drug crime as a predicate offense. Nor did he object to the facts of this prior conviction as detailed in the PSI. Thus, after agreeing that the crime counted as an ACCA predicate offense, Ginebra-Vera did not argue before the district court that the crime should not be a predicate offense, despite having several opportunities to do so.

Because Ginebra-Vera expressly acknowledged through his plea agreement and plea colloquy that the Florida drug offense is a predicate offense, and he did

4

not challenge this before the district court, he invited any error that he now claims exists.  United States v. Love, 449 F.3d 1154, 1157 (11th Cir. 2006).  Thus, he is precluded from claiming that the court erred in treating his Florida drug offense as a predicate offense under § 924(e).  Id.

III.

For these reasons, Ginebra-Vera's sentence is **AFFIRMED**.