**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Albert Raymond GREEN,**
**Defendant–Appellant.**

**No. 88–6213.**

United States Court of Appeals,
Eleventh Circuit.

June 29, 1990.

Victor D. Martinez, Asst. Federal Public Defender, Ft. Lauderdale, Fla., for defendant-appellant.

Dexter W. Lehtinen, Miami, Fla., Thomas A. O'Malley, Lynn W. Lamprecht, Asst. U.S. Attys., for plaintiff-appellee.

Before KRAVITCH and JOHNSON, Circuit Judges, and KAUFMAN *, Senior District Judge.

KRAVITCH, Circuit Judge:

Appellant Albert Raymond Green was convicted by a jury of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).[1] At the time of sentencing, the government sought to enhance Green's sentence as a three time offender

---

* Honorable Frank A. Kaufman, Senior U.S. District Judge for the District of Maryland, sitting by designation.

**1.** Section 922(g)(1) provides:
(g) It shall be unlawful for any person—

(1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;
   *   *   *   *   *   *
to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to

under 18 U.S.C. § 924(e)(1).[2] That statute provides:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined not more than $25,000 and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g), and such person shall not be eligible for parole with respect to the sentence imposed under this subsection.

The predicate prior felonies offered by the government were a conviction for burglary in 1961, a conviction for bank robbery in 1963, and a conviction for armed robbery in 1969. On the basis of these convictions, the district court sentenced Green to fifteen years of incarceration, the minimum sentence required by section 924(e)(1).

Green concedes that these convictions fall within the class of felonies referred to in section 922(g) of Title 18. Green argues, however, as he did to the district court, that the three prior offenses used to enhance his sentence were too remote in time to serve as a predicate for enhancing his sentence pursuant to section 924(e)(1). Green concedes that the statute is silent as to any temporal restrictions on the prior convictions and that it is thus unambiguous on its face. He argues, however, that the silence in the statute regarding the permissible remoteness of the predicate offenses makes the statute ambiguous when it is

applied to offenses that are twenty, thirty, or forty years old. He claims that this ambiguity requires the court to apply the rule of lenity and to read temporal restrictions into the statute. *See Bifulco v. United States,* 447 U.S. 381, 387, 100 S.Ct. 2247, 2252, 65 L.Ed.2d 205 (1980).

We find no merit to Green's claim. "The starting point in every case involving construction of a statute is the language itself." *United States v. Hill,* 863 F.2d 1575, 1577 (11th Cir.1989) (quoting *Ernst & Ernst v. Hochfelder,* 425 U.S. 185, 197, 96 S.Ct. 1375, 1382, 47 L.Ed.2d 668 (1976)). The language of the statute is clear and unambiguous. It bases the enhanced penalty on three prior violent felony convictions, without qualification. The fact that the former "Dangerous Special Offender" statute, 18 U.S.C. § 3575(d) provided a time limit for the felonies underlying an enhancement suggests that Congress knew what it was doing when it omitted such a limit from section 924(e)(1).

We find that Green's reliance on the rule of lenity is misplaced. The rule of lenity is not to be invoked until a court, "seiz[ing] everything from which aid can be derived, ... [is] left with an ambiguous statute." *United States v. Hill,* 863 F.2d at 1582–83 (quoting *United States v. Cruz,* 805 F.2d 1464, 1465–66 (11th Cir.1986), *cert. denied,* 481 U.S. 1006, 107 S.Ct. 1631, 95 L.Ed.2d 204 (1987)). Because the statute in question is unambiguous, there is no need for this court to invoke the rule.

As the Fourth Circuit noted in *United States v. Crittendon,* 883 F.2d 326 (4th Cir.1989), a case involving a claim similar to Green's, "[w]hat [appellant] really asks is for this court to find that Congress'

---

receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

**2.** In his briefs before this court, Green initially argued that 18 U.S.C. § 924(e)(1) should be considered not as a penalty enhancement provision, but rather as a distinct substantive offense. Subsequent to the filing of briefs, this court held, in *Greene v. United States,* 880 F.2d 1299, 1302 (11th Cir.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 1322, 108 L.Ed.2d 498 (1990), that Congress intended 18 U.S.C.App. (1982 Ed.)

§ 1202(a), the precursor to § 924(e)(1), as a punishment enhancement provision rather than as a different substantive offense. Green conceded at oral argument that our holding in *Greene* is controlling in the instant case. In addition, shortly after Green's case was orally argued, this circuit handed down its opinion in *United States v. McGatha,* 891 F.2d 1520 (11th Cir.1990), holding that § 924(e)(1) itself is merely a sentence enhancement provision. *McGatha* now states the law of this circuit regarding the status of § 924(e)(1).

decision to impose a mandatory fifteen year sentence in circumstances such as [his] is unreasonable. That Congressional decision, however, is clearly beyond this court's appellate jurisdiction." *Id.* at 331.

Finding no error in the sentence imposed by the district court, we AFFIRM.