

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-12-2008

# USA v. Patterson

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3370

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Patterson" (2008). *2008 Decisions.* Paper 117.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/117

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3370
_____

UNITED STATES OF AMERICA

v.

VICTOR RAYNARD PATTERSON,
                                        Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. No. 06-cr-000289)
District Judge: Honorable Christopher C. Conner

_____

Submitted Under Third Circuit LAR 34.1(a)
on November 21, 2008

Before:  SCIRICA, <u>Chief Judge</u>, RENDELL, <u>Circuit Judge</u>,
O'CONNOR, <u>Retired Associate Justice</u>, U.S. Supreme Court

(Filed:  December 12, 2008)
_____

OPINION OF THE COURT
_____

_____

    *  Honorable Sandra Day O'Connor, retired Associate Justice of the United States
       Supreme Court, sitting by designation.

RENDELL, Circuit Judge.

Victor Raynard Patterson appeals the sentence entered against him as an armed career criminal by the U.S. District Court for the Middle District of Pennsylvania. Patterson argues that the District Court erred when it determined that it should count certain older convictions in deciding that Patterson was subject to the minimum sentence requirements of 18 U.S.C. § 924(e)(i). For the reasons stated below, we will affirm.

**DISCUSSION**

On January 27, 2007, police officers executing a search warrant discovered a handgun in Mr. Patterson's residence. Patterson was charged with being an armed career criminal in possession of a firearm under 18 U.S.C. §§ 922(g)(1) and 924(e), a charge predicated in part on prior felony drug convictions in 1986, 1989, and 1994. Patterson pleaded guilty to the charge, after acknowledging that the offense carried a fifteen-year minimum term of imprisonment. At sentencing, Patterson objected to his classification as an armed career criminal, arguing that the two drug convictions that occurred more than fifteen years prior to the offense should be excluded. Upon concluding that it was bound to consider all of the prior convictions, the District Court rejected Patterson's argument and sentenced him to 180 months' imprisonment.

The sole issue on appeal is whether the District Court erred in concluding that it was bound to consider Patterson's felony drug convictions from 1986 and 1989. We review a district court's interpretation of statutory requirements *de novo*. *United States v.*

*Williams*, 344 F.3d 365, 377 (3d Cir. 2003). Section 922(g) provides, in pertinent part, that "[i]t shall be unlawful for any person . . . who has been convicted in any court, of a crime punishable by imprisonment for a term exceeding one year . . . to . . . possess in or affecting commerce, any firearm or ammunition . . . ." 18 U.S.C. § 922(g). Section 924(e)(1) provides that "a person who violates section 922(g) of this title and has three previous convictions . . . for a violent felony or a serious drug offense . . . shall be fined under this title and imprisoned not less that fifteen years . . . ." 18 U.S.C. § 924(e)(1).

In *United States v. Preston*, 910 F.2d 81 (3d Cir. 1990), this Court established that, according to the "plain language" of section 924(e), there is "no restriction on how recent prior convictions for violent felonies must be in order to be considered for enhancing a defendant's sentence." *Id.* at 89. It follows that the time of conviction for serious drug offenses is similarly of no consequence for the purposes of section 924(e). Patterson does not deny that his prior convictions were serious drug offenses within the meaning of the section 924(e).

Instead, Mr. Patterson argues that

> strong reasons exist to exclude stale convictions and to allow the District Court to have that authority. Fairness should count. Cases where a defendant otherwise leads a law abiding life are ignored by such a mechanical approach. Discretion allows a court to balance such issues with an ancient criminal history.

(App. Br. at 8) For "[p]ersuasive support," Mr. Patterson points to section 4A1.2(e) of the U.S. Sentencing Guidelines, which sets ten and fifteen-year limits for a court

3

considering prior sentences in calculating one's criminal history category,[1] and Federal Rule of Evidence 609(b), which conditions the use of convictions from more than ten years prior for impeachment of witnesses. Mr. Patterson acknowledges that courts of appeal have not agreed with the theory he presents. *See*, *e.g.*, *Preston*, 910 F.2d at 89; *United States v. Presley*, 52 F.3d 64, 69-70 (4th Cir. 1995); *United States v. Blankenship*, 923 F.2d 1110, 1118 (5th Cir. 1991); *United States v. Green*, 904 F.2d 654, 655-56 (11th Cir. 1990).

This District Court correctly followed the plain language of section 924(e), and our guidance in *Preston*. Nothing in the statute establishes a time limit for the consideration of convictions for the purposes of imposing the fifteen-year minimum sentence. We will accordingly affirm the judgment of sentence.

## CONCLUSION

For the reasons set forth above, we will AFFIRM the Judgment and Conviction Order of the District Court on all grounds.

---

[1]Section 4A1.2(e) sets a fifteen-year limit on sentences exceeding one year and one month, from either the time of imposition or the term of imprisonment to the commencement of the offense at issue. The provision establishes a ten-year limit on any other sentence, measured from the time of imposition to the commencement of the offense at issue. U.S. Sentencing Guidelines Manual § 4A1.2(e) (2008).