[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13098
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-20895-WPD-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAYSON IRIZARRY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 6, 2014)

Before HULL, JORDAN, and FAY, Circuit Judges.

PER CURIAM:

Jayson Irizarry appeals from his conviction and 188-month sentence for possession of a firearm as a convicted felon pursuant to18 U.S.C. §§ 922(g)(1) and 924(e)(1).  On appeal, Mr. Irizarry (1) challenges the sufficiency of the evidence supporting his conviction; (2) argues that the district court erred in applying an enhanced statutory minimum sentence based on prior convictions that were neither alleged in the indictment nor proven to a jury; and (3) asserts that the district court imposed a substantively unreasonable sentence.  After a review of the record and the parties' briefs, we affirm.

## I.

We may quickly dispose of Mr. Irizarry's first two arguments because, as he openly concedes, both are barred by binding Supreme Court precedent.

Mr. Irizarry argues that the government introduced insufficient evidence to establish that the firearm in question had "an effect on interstate commerce sufficient to invoke Congress' authority to legislate pursuant to the Commerce Clause."  Appellant's Br. at 19.  To prove the requisite interstate nexus, the government introduced expert testimony demonstrating that the firearm in question had traveled in interstate commerce from Maryland, where it was manufactured, to Florida.  Both the Supreme Court and this Court have held that such testimony is sufficient to meet the jurisdictional requirements of 18 U.S.C. § 922(g).  *See Scarborough v. United States*, 431 U.S. 563, 566-67 (1977) (affirming that "the

2

interstate commerce nexus requirement of the possession offense was satisfied by proof that the firearm petitioner possessed had previously traveled in interstate commerce"); *United States v. Scott*, 263 F.3d 1270, 1274 (11th Cir. 2001) ("Special Agent Steve Kosch . . . testified that the .25 caliber Raven Arms semiautomatic pistol . . . was manufactured in California and had moved in interstate commerce to Georgia where Scott was caught with the weapon.  Such evidence is sufficient to demonstrate the required nexus to interstate commerce.").[1]

Mr. Irizarry also argues that the district court erred in enhancing his statutory minimum sentence under 18 U.S.C. § 924(e)(1) based on prior convictions, which were not alleged in the indictment or proven to the jury.  This argument is barred by the Supreme Court's decision in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998).  In *Almendarez-Torres*, the Supreme Court held that a prior conviction

---

[1] Mr. Irizarry also characterizes the evidence that he possessed a firearm as "troubling." Appellant's Br. at 17.  Mr. Irizarry's conviction was based, in part, on the testimony of Special Agent Gary McKiever, who testified to purchasing a .32 caliber Beretta Tomcat from Mr. Irizarry in an undercover sting operation set up by a confidential informant with the Bureau of Alcohol Tobacco and Firearms.  Mr. Irizarry argues that this testimony was "troubling" because, "although there was a completed transaction according to the agent, and there were at least a dozen agents monitoring the deal, Mr. Irizarry was not arrested that day and he was not arrested until a substantial time later." *Id.* at 18.  Mr. Irizarry also attempts to cast doubt on Agent McKiever's credibility by noting that Agent McKiever mistakenly testified before the grand jury that he had purchased a .38 caliber Beretta from Mr. Irizarry.  *Id.*  Mr. Irizarry, however, "acknowledges that in reviewing the sufficiency of the evidence[,] all reasonable inferences and credibility choices must be made in favor of the government." *Id.*  *See also United States v. Wright*, 392 F.3d 1269, 1273 (11th Cir. 2004) ("This Court reviews sufficiency of the evidence de novo, 'view[ing] the evidence in the light most favorable to the government, with all reasonable inferences and credibility choices made in the government's favor.'") (alteration in original) (citation omitted).  Under this standard, sufficient evidence supported the jury's determination that Mr. Irizarry possessed the firearm in question.

3

used to increase a statutory maximum sentence is not an element of the offense that needs to be alleged in an indictment or proven to a jury beyond a reasonable doubt. *Id.* at 239-47.  As we have previously noted, we are bound by *Almendarez-Torres* until the Supreme Court explicitly overrules it.  *See United States v. Greer*, 440 F.3d 1267, 1273 (11th Cir. 2006).

Although Mr. Irizarry argues that subsequent Supreme Court cases have called into question the continuing validity of *Scarborough* and *Almendarez-Torres*, the "[Supreme] Court [has] the prerogative of overruling its own decisions." *Rodriguez de Quijas v. Shearson/Am. Express, Inc.*, 490 U.S. 477, 484 (1989).[2]

## II.

We review Mr. Irizarry's challenge to the substantive reasonableness of his sentence under a deferential abuse of discretion standard of review.  *See Gall v. United States*, 552 U.S. 38, 41 (2007).  We can "vacate the sentence if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."

---

[2] Contrary to Mr. Irizarry's argument, the Supreme Court's recent decision in *Alleyne v. United States*, 133 S. Ct. 2151, 2160 n.1 (2013), expressly did "not revisit" the holding in *Almendarez-Torres*.

*United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*) (internal quotation marks omitted).

Given the facts of this case, we are not unsympathetic to Mr. Irizarry's arguments regarding the reasonableness of his sentence.  His guideline range was increased by more than ten years as an armed career criminal, in large part, based on two convictions from the mid-1990s when Mr. Irizarry was a mere teenager. Under the totality of the circumstances, however, Mr. Irizarry cannot meet his burden of demonstrating that the district court abused its discretion in imposing a 188-month sentence.  *See United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010) ("The party challenging the sentence bears the burden to show it is unreasonable in light of the record and the § 3553(a) factors.").

As Mr. Irizarry's counsel conceded at sentencing, despite their temporal remoteness, Mr. Irizarry's prior felony convictions required the district court to impose a 15-year minimum sentence under 18 U.S.C. § 924(e)(1).  *See* D.E. 95 at 8 ("And even though I filed the motion asking that the Court depart downward from not just the advisory sentencing guidelines, but statutorily as well, I know the Court can't. . . .  [A]t the minimum, [the Court] ha[s] to sentence [Mr. Irizarry] to 15 years . . . .").  *See also United States v. Green*, 904 F.2d 654, 655 (11th Cir. 1990) (declining to impose temporal restrictions on the predicate felonies used to enhance a sentence under section 924(e)(1)); U.S.S.G. § 4B1.4 cmt. n.1 (2004)

(noting that the "time periods for the counting of prior sentences under § 4A1.2" are not applicable under 18 U.S.C. § 924(e)). Accordingly, the district court could have, at most, varied down from the advisory guideline range by eight months. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (comparing the length of the sentence imposed to the guidelines range and statutory maximum).

A review of the record further demonstrates that the district court properly considered the sentencing factors under 18 U.S.C. § 3553(a). Given Mr. Irizarry's extensive criminal history, including 12 felony convictions, the district court weighed "the need to protect society from further crimes of Mr. Irizarry, the need to provide adequate deterrence," and the need "to promote respect for the law" in deciding not to grant Mr. Irizarry's motion for a downward departure from the guidelines. D.E. 95 at 12. The district court also properly considered the difficult circumstances surrounding Mr. Irizarry's upbringing in deciding to sentence him to the low end of the guideline range. *See* D.E. 95 at 12.

Finally, while not dispositive, the fact that Mr. Irizarry's sentence was within the guideline range is one indication that the sentence was reasonable. *See United States v. Sarras*, 575 F.3d 1191, 1219 (11th Cir. 2009). Under the totality of these circumstances, we find that the imposed sentence was not "outside the range of reasonable sentences dictated by the facts of the case." *See Irey*, 612 F.3d at 1190 (internal quotation marks omitted).

## III.

Mr. Irizarry's conviction and sentence are affirmed.

**AFFIRMED.**