[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 19-15076

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

WILLIE LEE LEWIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 5:19-cr-00010-JDW-PRL-1

_____

Before JORDAN, ROSENBAUM, and LAGOA, Circuit Judges.

PER CURIAM:

This case returns to us on remand from the Supreme Court. Willie Lee Lewis appeals his 120-month sentence imposed for his conviction of unlawful possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). Lewis argues that his prior cocaine-related convictions do not qualify as serious drug offenses under § 924(e) of the Armed Career Criminal Act ("ACCA"), and that, therefore, the district court erred by enhancing his sentence under the ACCA.

In our previous panel opinion, we affirmed Lewis's sentence. Lewis petitioned for a writ of certiorari. The Supreme Court granted Lewis's petition for a writ of *certiorari*, vacated our judgment, and remanded for further consideration in light of *United States v. Wooden*, 595 U.S. 360 (2022). After receiving supplemental briefing on the impact of *Wooden*, we ordered further supplemental briefing to address the impact of *Erlinger v. United States*, 602 U.S. 821 (2024). We now reconsider Lewis's appeal with the benefit of the Supreme Court's guidance in *Wooden* and *Erlinger*.

In his initial and supplemental briefs, Lewis contends that his prior cocaine-related convictions used to enhance his sentence under the ACCA do not qualify as serious drug offenses for four reasons. First, Lewis argues that his prior Florida convictions for selling cocaine in 1991 and for possessing with intent to sell or deliver cocaine in 1995 were not serious drug offenses because they

occurred more than 15 years ago or resulted in less than a year of imprisonment. Second, Lewis argues that his Florida cocaine-related convictions were not serious drug offenses because Florida's controlled-substance definition for cocaine-related offenses was broader than the federal definition in effect at the time he was convicted of his present federal offense, citing *United States v. Jackson* (*Jackson I*), 36 F.4th 1294 (11th Cir. 2022), *superseded by United States v. Jackson* (*Jackson II*), 55 F.4th 846 (11th Cir. 2022), *aff'd sub nom. Brown v. United States*, 602 U.S. 101 (2024). Third, Lewis argues that his prior Florida conviction for trafficking cocaine in 2013 was not a serious drug offense under the ACCA because the offense does not require proof of intent to distribute. And fourth, Lewis argues that his prior Florida convictions for three counts of selling cocaine in 1991 were not committed on different occasions under the ACCA, and his *nolo contendere* plea did not constitute a conviction. We address each argument in turn.

## I.

Lewis first argues that the district court erred when it sentenced him to an enhanced penalty under the ACCA because his convictions for selling cocaine in 1991 and for possessing cocaine with the intent to sell in 1995 were not serious drug offenses, as they were "too remote in time." We review *de novo* whether a defendant's prior conviction qualifies as a serious drug offense under the ACCA. *United States v. Longoria*, 874 F.3d 1278, 1281 (11th Cir. 2017). We review *de novo* questions of statutory interpretation. *United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021).

Under § 922(g)(1), it is unlawful for a person convicted of a crime punishable by a term of imprisonment exceeding one year to possess a firearm. 18 U.S.C. § 922(g)(1). At the time of Lewis's conviction, any person who knowingly violated § 922(g) could be punished by up to ten years in prison. *Id.* § 924(a)(2) (2019). But if a person violates § 922(g) and has three prior convictions for a "violent felony or a serious drug offense," the ACCA mandates a 15-year minimum sentence. *Id.* § 924(e)(1). Of relevance here, the term "serious drug offense" is defined as:

> [A]n offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law.

*Id.* § 924(e)(2)(A)(ii). Significantly, there is no temporal limitation on predicate convictions for ACCA purposes, as the text of § 924(e) "bases the enhanced penalty on three prior violent felony [or serious drug] convictions, without qualification." *United States v. Green*, 904 F.2d 654, 655 (11th Cir. 1990).

Under Florida law, a person who sells or possesses with intent to sell, manufacture, or deliver a controlled substance named in § 893.03(2)(a), including cocaine, commits a felony in the second degree. Fla. Stat. Ann. § 893.13(1)(a)(1). A second-degree felony is punishable "by a term of imprisonment not exceeding 15 years." Fla. Stat. Ann. § 775.082(3)(d). Cocaine falls within the definition

of a "controlled substance" under the Controlled Substances Act. *See* 21 U.S.C. §§ 802(6), 812(c)(Schedule II)(a)(4).

The First Step Act amended the Controlled Substances Act's definition of "serious drug felony" to include an "offense described in" 18 U.S.C. § 924(e)(2) for which "(A) the offender served a term of imprisonment of more than 12 months; and (B) the offender's release from any term of imprisonment was within 15 years of the commencement of the instant offense." First Step Act of 2018 ("First Step Act"), Pub. L. 115-391, § 401(a)(1), 132 Stat. 5194, 5220-21 (quotation marks omitted).

By its plain language, the First Step Act only amends the Controlled Substances Act and does not amend the definition of "serious drug offense" under § 924(e)(2)(A). The ACCA does not impose a temporal requirement on predicate offenses or require that the predicate offenses result in at least 12 months' imprisonment. *See Jackson II*, 55 F.4th at 861 (holding that "[s]ection 924(e)(2)(A)(ii) incorporates the version of the federal drug schedules in effect when a defendant was convicted of his prior state drug offenses," and thus the "ACCA's 'serious drug offense' definition encompasses a prior state offense that involved 'manufacturing, distributing, or possessing with intent to manufacture or distribute'" a controlled substance). We thus conclude that the district court did not err in concluding that Lewis's 1991 and 1995 Florida convictions qualified as serious drug offenses on this basis. We now turn to the second argument raised by Lewis.

## II.

Lewis also argues that "none of [his] cocaine-related offenses under Fla. Stat. § 893.13 and § 893.135 are 'serious drug offenses'" under the ACCA, "[n]otwithstanding" this Court's decision in *Jackson II*. We disagree.

When a defendant does not state the grounds for an objection in the district court, we review for plain error. *United States v. Zinn*, 321 F.3d 1084, 1087 (11th Cir. 2003). To establish plain error, a defendant must show: (1) an error, (2) that was obvious, (3) that affected the defendant's substantial rights, and (4) that seriously affected the fairness, integrity, or public reputation of the proceedings. *United States v. Aguilar-Ibarra*, 740 F.3d 587, 592 (11th Cir. 2014). For an error to be plain, it must be plain under controlling precedent or the language of a statute or rule. *Id.*

Under Florida law, any person who sells, purchases, manufactures, delivers, or brings into the state 28 grams or more of cocaine commits the first-degree felony of trafficking in cocaine. Fla. Stat. Ann. § 893.135(1)(b)(1).

We apply the categorical approach to determine whether a defendant's state conviction is a serious drug offense under the ACCA. *Jackson II*, 55 F.4th at 850. Under the categorical approach, we consider the statutory definition of the state offense rather than the facts of the crime itself. *Id.* A state conviction qualifies only if the state statute under which the conviction occurred defines the offense in the same way as, or more narrowly than, the ACCA's definition of a serious drug offense. *Id.*

In *Jackson II*, we held that the appellant's state conviction under Fla. Stat. Ann. § 893.13 qualified as a serious drug offense. *Id.* at 861–62. We explained that the ACCA's definition of a serious drug offense incorporates the version of the federal controlled substances schedules in effect when the defendant was convicted of the prior state drug offense. *Id.* at 854. And we concluded that the appellant's 1998 and 2004 Florida cocaine-related convictions qualified because Florida's controlled substances schedules included ioflupane until 2017, and the federal controlled substance schedules also included ioflupane until 2015. *Id.* at 851 & nn.3–4.

Lewis contests none of this. Lewis, instead, tells us that *Jackson II* was "mistaken," "unworkable," and "contrary to 'the due-process cornerstone of fair notice' that drove the Court's original decision in [*Jackson I*]." In addition to Lewis's arguments being foreclosed by prior panel precedent, the Supreme Court has now affirmed our decision in *Jackson II*, holding that "a state drug conviction counts as an ACCA predicate if it involved a drug on the federal schedules at the time of that offense." *Brown*, 602 U.S. at 123. We thus conclude that the district court did not plainly err in finding that Lewis's Florida cocaine-related convictions were serious drug offenses, because our precedent in *Jackson II*, which the Supreme Court affirmed in *Brown*, forecloses Lewis's argument. We turn now to Lewis's third argument.

## III.

Lewis also argues that his prior Florida conviction for trafficking cocaine in 2013, in violation of Fla. Stat.

§ 893.135(1)(b)(1)(a), was not a serious drug offense under the ACCA because the offense does not require proof of intent to distribute. However, this Court has held, based on guidance from the Florida Supreme Court, that a conviction for drug trafficking under Fla. Stat. § 893.135 does constitute a serious drug offense under the ACCA. *See United States v. Conage* (*Conage III*), 50 F.4th 81, 81–82 (11th Cir. 2022).[1] None of the cases Lewis identifies abrogates *Conage III*. We thus conclude that Lewis's prior conviction for trafficking cocaine in 2013 was a serious drug offense under the ACCA.

## IV.

We now address Lewis's final argument, which contends that the district court committed a reversible *Erlinger* error because a jury did not find, and Lewis did not admit, that his prior offenses occurred on different occasions. We agree that a jury did not

---

[1] We first reviewed whether trafficking cocaine in violation of Florida law was a "serious drug offense" under the ACCA in *United States v. Conage*, 976 F.3d 1244 (11th Cir. 2020) (*Conage I*). Because this question involved a state-law issue—"whether the purchase of a trafficking quantity of drugs, as specified by the Florida drug trafficking statute, 'involves' the possession of that drug, as that term is defined in the ACCA"—we certified the question to the Florida Supreme Court. *Id*. at 1254. The Florida Supreme Court then held that a completed purchase for purposes of conviction under § 893.135(1) "requires proof that the defendant both (1) gave consideration for and (2) obtained control of a trafficking quantity of illegal drugs," which "consist[s] of the same range of conduct that qualifies as constructive possession under federal law." *Conage v. United States*, 346 So. 3d 594, 600 (Fla. 2022) (*Conage II*). Yielding to the Florida Supreme Court's interpretation of state law, *Conage III* concluded that a Florida cocaine-trafficking conviction is a serious drug offense under the ACCA. 50 F.4th at 81–82.

decide whether Lewis committed three ACCA predicate offenses on different occasions, constituting *Erlinger* error. But, as Lewis never objected to the ACCA enhancement on the ground that the district court made the finding that his predicate offenses were committed on different occasions, we review this issue for plain error only. *See United States v. Edwards*, 142 F.4th 1270, 1279 (11th Cir. 2025) (reviewing for plain error where the appellant "didn't object to the ACCA enhancement on any ground, including that the offenses underlying the ACCA predicates weren't committed on different occasions"); *United States v. Penn*, 63 F.4th 1305, 1318 (11th Cir. 2023) (reviewing for plain error where the appellant "raised for the first time on appeal" an argument "under the Fifth and Sixth Amendments [that] a jury must find, or a defendant must admit, that two offenses occurred on separate occasions").

The ACCA requires that any person who violates § 922(g) serve a mandatory minimum sentence of 15 years when the defendant has 3 prior convictions for violent felonies or serious drug offenses "committed on occasions different from one another." 18 U.S.C. § 924(e)(1). Before *Wooden*, we had held that, in order for the predicate offenses to be committed on different occasions under the ACCA, they must be "temporally distinct." *Dudley*, 5 F.4th at 1259 (quotation marks omitted). Offenses were "distinct if some temporal break occur[red] between them." *United States v. Sneed*, 600 F.3d 1326, 1330 (11th Cir. 2010) (quotation marks and brackets omitted). Thus, even small gaps between crimes would usually be sufficient to separate criminal episodes from one another. *Id.*

In March 2022, the Supreme Court issued a decision in *Wooden*, interpreting the "different occasions" requirement. 595 U.S. at 362–63. The Court held that treating each temporally distinct offense as its own occasion was inconsistent with the plain meaning of the word "occasion" and the legislative history of the ACCA. *Id.* at 366–76. Rather, the inquiry of whether offenses occurred on different occasions was more "multi-factored in nature" and required consideration of: (i) the timing of the offenses; (ii) the proximity of location; and (iii) the character and relationship of the offenses. *Id.* at 367–71. As to timing, "[o]ffenses committed close in time, in an uninterrupted course of conduct, will often count as part of one occasion; not so offenses separated by substantial gaps in time or significant intervening events." *Id.* at 369. And "[i]n many cases, a single factor—especially of time or place—can decisively differentiate occasions. Courts, for instance, have nearly always treated offenses as occurring on separate occasions if a person committed them a day or more apart, or at a significant distance." *Id.* at 369–70 (quotation marks omitted). Thus, the Supreme Court concluded that the defendant's commission of ten burglaries—on a single night, in an uninterrupted course of conduct, at one location, with each offense essentially identical and intertwined—was one criminal occasion for purposes of the ACCA. *Id.* at 370–71, 376.

Subsequently, in *Erlinger*, the Supreme Court considered for the first time "whether a judge may decide that a defendant's past offenses were committed on separate occasions under a preponderance-of-the-evidence standard, or whether the Fifth and Sixth

Amendments require a unanimous jury to make that determination beyond a reasonable doubt." 602 U.S. at 825.  The Supreme Court concluded that the "government must prove beyond a reasonable doubt to a unanimous jury the facts necessary to sustain the punishment it seeks," *id.* at 824, including "whether the defendant's prior offenses occurred on different occasions for purposes of applying ACCA's mandatory minimum sentence," *id.* at 847–48.

To establish plain error, a defendant must show that (1) there was an error, (2) the error was plain, and (3) the error affected his substantial rights. *United States v. Roosevelt Coats*, 8 F.4th 1228, 1235 (11th Cir. 2021).  "If these three conditions are met, we have discretion to recognize an unpreserved error but only if (4) the error seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings." *Id.* (quotation marks omitted).  The third prong—substantial rights—requires the defendant to show prejudice; that is, that the error changed the outcome of the proceeding. *Id.* at 1236.  "[U]nlike harmless error—where the government carries the burden—the onus of establishing prejudice under plain error rests with the defendant." *United States v. Margarita Garcia*, 906 F.3d 1255, 1267 (11th Cir. 2018).  The burden placed on the defendant under the plain-error standard is "heavy," as it serves to enforce "the basic requirement that parties assert timely objections in order to preserve claims of error." *Id.*; *cf. United States v. Rodriguez*, 627 F.3d 1372, 1379 (11th Cir. 2010) ("Requiring an objection at trial fosters finality of judgment and deters sandbagging[.]" (internal quotations omitted)).  In particular, the burden of showing prejudice is

"anything but easy." *Margarita Garcia*, 906 F.3d at 1267 (quotation marks omitted).

In this case, we conclude that there was no plain *Erlinger* error because Lewis has not shown that, but for the district court's error, the outcome of the proceeding would have been different. *Edwards*, 142 F.4th at 1281. To prevail, Lewis would have to "show a reasonable probability that a jury would have concluded that he committed the three predicate crimes on fewer than three occasions." *Id*. at 1282. But the record shows otherwise.

In addition to his 1991 convictions for selling cocaine, Lewis has two other convictions for serious drug offenses: his 1995 conviction for possessing with intent to sell or deliver cocaine and his 2013 conviction for trafficking cocaine. Therefore, even assuming (without deciding) that Lewis's three 1991 convictions for selling cocaine count as a single serious drug offense, Lewis still cannot show substantial prejudice, because there is no reasonable probability that a jury would find that he did not commit his 1990, 1995, and 2012 offenses on different occasions.

In *Edwards*, for example, this Court held that the appellant had not "met his plain-error burden to show that his 'substantial rights' were affected" where the district court had enhanced his sentence under the ACCA on the basis of three prior convictions: "(1) for a December 20, 1996, robbery with a deadly weapon and aggravated battery, for which the arrest occurred on April 1, 1997; (2) for an undated instance of drug trafficking, for which the arrest occurred on December 28, 2010; and (3) for an October 1, 2010,

aggravated battery with a deadly weapon, for which the arrest occurred on December 30, 2010." 142 F.4th at 1282, 1285. Here, Lewis's crimes are even more clearly temporally distinct. See *Wooden*, 595 U.S. at 369 ("Offenses committed close in time, in an uninterrupted course of conduct, will often count as part of one occasion; not so offenses separated by substantial gaps in time or significant intervening events."); *Penn*, 63 F.4th at 1318 (holding that "[n]o reasonable person would say that [the defendant's] two sales of cocaine, thirty days apart, occurred on the same occasion," as the "offenses no more occurred on the same occasion than two baseball games between the same teams at the same stadium one month apart"). Because three of Lewis's predicate offenses were separated by significant, years-long gaps in time, he has not met his burden under the plain-error standard to show that the district court's *Erlinger* error affected his substantial rights.

★    ★    ★

In sum, we conclude that the district court did not err in applying the ACCA enhancement here. We thus affirm Lewis's sentence.

**AFFIRMED.**