[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13764
Non-Argument Calendar
_____

D.C. Docket No. 4:07-cr-00382-BAE-GRS-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LORENZO LANCE BOLES,

Defendant - Appellant.


_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(June 4, 2013)

Before MARCUS, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

Lorenzo Boles appeals his sentence of two years' additional supervised release imposed after revocation of a term of supervised release under 18 U.S.C. § 3583(e). After thorough review, we affirm.

Boles pleaded guilty in 2008 to one count of possession of an unregistered firearm, in violation of 26 U.S.C. § 5861(d), and was sentenced to 30 months' imprisonment, 3 years' supervised release, and a $2,400 fine. During supervised release, Boles was required, among other things, to refrain from committing another crime, submit to drug testing, and pay $100 per month toward his fine. In 2012, Boles admitted to violating these terms and the court sentenced him to nine months' imprisonment followed by an additional two years' supervised release. Boles appeals, arguing the additional supervised-release term is procedurally and substantively unreasonable. He also contends that the district court erred by failing to elicit objections to his sentence.

Because a district court's failure to elicit objections to a sentence affects the standard of review, we first consider that argument. "Where the district court has not elicited fully articulated objections following the imposition of sentence, this court will vacate the sentence and remand for further sentencing in order to give the parties an opportunity to raise and explain their objections." *United States v. Jones*, 899 F.2d 1097, 1103 (11th Cir. 1990), *overruled on other grounds by United States v. Morrill*, 984 F.2d 1136 (11th Cir. 1993) (*en banc*). "A remand is

2

unnecessary, however, when the record on appeal is sufficient to enable review."
*United States v. Campbell*, 473 F.3d 1345, 1347 (11th Cir. 2007). In such a case,
we review the appellant's claims as if they were properly raised in the district
court. *See United States v. Johnson*, 451 F.3d 1239, 1242 (11th Cir. 2006).

At the conclusion of sentencing, the district court asked Boles's attorney
only if there was "[a]nything else" he wanted to add. This statement did not
comply with *Jones*'s obligation. *United States v. Holloway*, 971 F.2d 675, 681
(11th Cir. 1992). Because the record is sufficient to review the reasonableness of
Boles's sentence, however, we need not remand. *See Campbell*, 473 F.3d at 1347.
We instead review for an abuse of discretion. *United States v. Kuhlman*, 711 F.3d
1321, 1326 (11th Cir. 2013); *see also Johnson*, 451 F.3d at 1242. The party
challenging the sentence bears the burden of demonstrating it is unreasonable.
*Kuhlman*, 711 F.3d at 1326.

Boles contends his additional supervised-release term is procedurally
unreasonable because the district court failed to consider the 18 U.S.C. § 3553(a)
factors. But the record reflects that the court considered the statutory factors, even
if it did not explicitly so state. *See id.* (noting that the court need not explicitly
state that it considered the § 3553(a) factors). The court found that Boles failed to
report for required drug testing on several occasions, he was "woefully far behind"
in paying his fine, and he concededly gave a false name to a police officer, thereby

3

indicating it took into account the nature and circumstances of Boles's violations, their seriousness, and the need to provide just punishment. 18 U.S.C. §§ 3553(a)(1)-(2)(A). Boles's attorney also spoke about Boles's efforts to improve his life, including recent payments Boles had made toward his outstanding child-support obligations, which is relevant to his history and characteristics. *Id.* § 3553(a)(1). And the court stated that Boles offered only "specious excuses," reflecting consideration of the need to protect the public from his future violations. *Id.* § 3553(a)(2)(C); *see also United States v. Kapordelis*, 569 F.3d 1291, 1318 (11th Cir. 2009) (indicating that a defendant's lack of remorse can demonstrate a need to protect society because it bears on a defendant's likelihood of rehabilitation). Finally, the district court explicitly mentioned the sentencing commission's policy statements and noted it took those into account. 18 U.S.C. § 3553(a)(5). Thus, Boles cannot show that his sentence is procedurally unreasonable.

Boles also asserts that his sentence is substantively unreasonable because it was based entirely on the court's perception that he lacked sincerity. But, as discussed above, the district court properly considered this factor and balanced it with multiple other considerations. Boles therefore cannot show the additional supervised-release term was substantively unreasonable.

For the foregoing reasons, Boles's sentence is

4

**AFFIRMED.**