[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13022
Non-Argument Calendar
_____

D.C. Docket No. 6:16-cr-00230-GKS-KRS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARIO DONATE LOCKHART,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 24, 2018)

Before MARTIN, NEWSOM, and FAY, Circuit Judges.

PER CURIAM:

Mario Donate Lockhart appeals his 180-month sentence for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). Lockhart raises three issues on appeal. First, he argues that the district court procedurally erred by failing to elicit objections at the conclusion of sentencing in violation of *United States v. Jones*.[1] Second, he contends that the district court violated Federal Rule of Criminal Procedure 32(i)(3) by (a) not fully resolving his objections during sentencing, (b) not specifying which convictions it relied on to determine that he qualified as an armed career criminal under the Armed Career Criminal Act ("ACCA"), and (c) not specifying whether those convictions were proven using *Shepard*[2] documents. Third, he asserts that the district court erred in concluding that he was an armed career criminal because (a) a conviction under Fla. Stat. § 843.01 for resisting a police officer with violence is not a "violent felony" under the ACCA, (b) a conviction under Fla. Stat. § 893.13 for delivering cocaine or possessing cocaine with the intent to deliver it is not a "serious drug offense" under the ACCA, and (c) the government failed to prove that he had three ACCA-qualifying convictions for offenses committed on separate occasions. After careful review, we affirm.

---

[1] *United States v. Jones*, 899 F.2d 1097 (11th Cir. 1990) (*overruled on other grounds by United States v. Morrill*, 984 F.2d 1136 (11th Cir. 1993)).

[2] *Shepard v. United States*, 544 U.S. 13 (2005).

# I

On appeal, Lockhart asserts—and the government agrees—that the district court procedurally erred by failing to elicit objections at the conclusion of sentencing in violation of *United States v. Jones*.[3]  Under *Jones*, the district court must "elicit fully articulated objections, following imposition of sentence, to the court's ultimate findings of fact and conclusions of law."  *Jones*, 899 F.2d at 1102. The ordinary remedy for a *Jones* violation is to remand for further sentencing.  *Id.* at 1103.  "A remand is unnecessary, however, when the record on appeal is sufficient to enable review."  *United States v. Campbell*, 473 F.3d 1345, 1347 (11th Cir. 2007).

Here, the district court erred in failing to elicit objections after sentencing because the court's question to defense counsel—"[I]s there anything you wish to add at this time?"—is insufficient under *Jones*.  *See Campbell*, 473 F.3d at 1348 (concluding that questions such as "is there anything further?" or "anything else?" do not satisfy *Jones*).  However, because the record is sufficient to enable review, we needn't remand; rather we will review Lockhart's objections—explained and addressed below—as if they were properly raised in the district court.[4]

---

[3] We review *de novo* whether a district court has "elicited fully articulated objections following the imposition of sentence."  *Jones*, 899 F.2d at 1103.

[4] *Accord, e.g.*, *United States v. Boles*, 521 F. App'x 765, 767 (11th Cir. 2013).

## II

On the merits, Lockhart contends that the district court erred under Federal Rule of Criminal Procedure 32(i)(3) by (a) not ruling on disputed matters at sentencing, (b) not specifying which convictions it relied on during sentencing to determine that he qualified as an armed career criminal, and (c) not specifying whether those convictions were proven using *Shepard* sources.[5]

Federal Rule of Criminal Procedure Rule 32 states that, at sentencing, the court "must—for any disputed portion of the presentence report or other controverted matter—rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing." Fed. R. Crim. P. 32(i)(3)(B). The rule, however, is triggered only by "clear and focused objections to specific factual allegations made in the report" rather than by "[v]ague assertions of inaccuracies in the report." *United States v. Owen*, 858 F.2d 1514, 1517 (11th Cir. 1988) (discussing Fed. R. Crim. P. 32(c)(3)(D)—the predecessor to Rule 32(i)(3)(B)). "A defendant makes a proper objection when he identifies the specific PSI paragraphs to which he objects and states that the reason for his objection is that the source of those facts is a particular non-*Shepard* document." *United States v. McCloud*, 818 F.3d 591, 599 (11th Cir. 2016).

---

[5] We review a district court's application of the Federal Rules of Criminal Procedure *de novo*. *United States v. Noel*, 231 F.3d 833, 836 (11th Cir. 2000).

4

Here, the district court did not err because Lockhart's vague assertions of inaccuracy were insufficient to trigger Rule 32(i)(3). In his response to the presentence report, Lockhart said only—and conclusorily—that he objected "to being classified as an armed career criminal as defined at USSG § 4B1.4" and "to each of the offenses listed in this paragraph as qualifiers for ACCA." He also disputed "all factual narrative statements concerning prior convictions that do not come directly from *Shepard* documents," but he never alleged that any particular conviction was based on a non-*Shepard* document—nor, for that matter, did he deny that he had sustained the convictions listed in the presentence report. In any event, the court specifically overruled Lockhart's armed-career-criminal-classification objection, and in doing so, explicitly referenced the portion of the presentence report containing a recitation of Lockhart's ACCA-qualifying convictions.

## III

Finally, Lockhart argues on appeal that the district court should not have found that he was an armed career criminal because (a) a conviction under Fla. Stat. § 843.01 for resisting a police officer with violence is not a "violent felony" under the ACCA, (b) a conviction under Fla. Stat. § 893.13 for delivering cocaine or possessing cocaine with the intent to deliver it is not a "serious drug offense"

5

under the ACCA, and (c) the government failed to prove that he had three ACCA-qualifying convictions for offenses committed on separate occasions.[6]

The ACCA states that a person convicted under 18 U.S.C. § 922(g)(1), who has three or more prior convictions for a violent felony or serious drug offense, shall be imprisoned not less than 15 years.  18 U.S.C. § 924(e)(1).  Lockhart's assertion that his convictions under Fla. Stat. §§ 843.01 and 893.13 do not qualify as ACCA predicates is foreclosed by binding circuit precedent.  We have held that a conviction under Fla. Stat. § 843.01 qualifies as a violent felony under the ACCA.  *United States v. Hill*, 799 F.3d 1318, 1322–23 (11th Cir. 2015).  We have also held that a conviction under Fla. Stat. § 893.13 is a "serious drug offense" under the ACCA.  *United States v. Smith*, 775 F.3d 1262, 1266–68 (11th Cir. 2014).  Finally, where—as here—the undisputed facts recited in the presentence report demonstrate that the crimes are "temporally distinct," they constitute separate offenses for purposes of the ACCA.  *United States v. Sneed*, 600 F.3d 1326, 1329 (11th Cir. 2010); *see also McCloud*, 818 F.3d at 595 ("The district court may make findings of fact based on undisputed facts in the PS[R].").  Therefore, the district court did not err in finding that Lockhart qualified as an armed career criminal under the ACCA.

---

[6] We review *de novo* whether a prior conviction is a violent felony or serious drug offense within the meaning of the ACCA.  *United States v. Howard*, 742 F.3d 1334, 1341 (11th Cir. 2014); *United States v. Wilkerson*, 286 F.3d 1324, 1325 (11th Cir. 2002).  We review *de novo* whether prior convictions were committed on separate occasions for purposes of the ACCA.  *See United States v. Sneed*, 600 F.3d 1326, 1330 n.5 (11th Cir. 2010).

6

## IV

For the foregoing reasons, we **AFFIRM.**